UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 17 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
             DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | *   Case No. SA-07-CR-329-FB |
| DANIEL MORENO LOPEZ, | * |
| Defendant. | * |

### AGREED ORDER REVOKING SUPERVISED RELEASE AND RESENTENCING THE DEFENDANT

On this day came on to be considered the March 2010 petition to revoke the Defendant's supervised release (Doc. 36), as augmented herein. The parties and probation office, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

#### A. Findings

1. *Low-end imprisonment.* In 2008, the Court sentenced the Defendant for a 2007 Class C firearm-possession felony, which he committed while on state felony parole for a like offense. The Defendant's criminal-history score understated his recidivism risk, a basis for upward departure. He obtained low-end imprisonment of 37 months. A long-time chronic substance abuser who had failed to complete a state drug-awareness program, the Defendant failed to honor the Court's recommendation that he undertake drug-abuse programming within the Bureau of Prisons, and he violated prison rules by possessing intoxicants.

2. *Commencement, duration, conditions of supervised release.* On or about January 15, 2010, the Defendant began a three-year supervised-release term, during which he was obliged to comply with the mandatory and standard conditions of supervised release, including that he participate in drug treatment and testing.

3. *Violations of supervised release violation.* In March 2010, the Defendant twice failed to attend scheduled substance-abuse counseling sessions, once failed to submit to drug testing, and failed

to report in person to and as directed by the probation office. Since the beginning of supervised release in this case, he failed to maintain regular legitimate employment.

4. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his supervised release, the Court could assess imprisonment up to a statutory maximum of 24 months, consecutive to any other sentence already imposed upon him, plus reimposed supervised release; (2) the parties project his nonbinding revocation policy-statement imprisonment range to be 7 to 13 months (Grade C violation as most serious, category V offender), though various factors warrant above-range confinement; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) he admits committing misconduct summarized above and in the revocation petition; and (5) the United States could prove such misconduct by a preponderance of the evidence.

5. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant–having read and understood this Order and the revocation petition, having thoroughly discussed them with his attorney, and having agreed to the terms of this Order–voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, 18 U.S.C. § 3583(e)(3), (g)(3), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's supervised release is revoked and he is resentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

B. Order

In view of the foregoing, based on the Defendant's admitted violations of his supervised release, for which there is an adequate factual basis as summarized above and in the revocation

petition, the Court finds, determines, and orders that:

1. The Defendant's supervised release is revoked pursuant to 18 U.S.C. § 3583(e)(3) and (g)(3).

2. The Defendant is remanded to the custody of the United States Bureau of Prisons (BOP) for TIME SERVED–an interval of 17 months, consisting of less than 14 months of state confinement from on or about March 20, 2010, until dismissal of state charges on or about May 9, 2011, plus slightly more than three months to the date of this Order. The Defendant shall be released from custody forthwith in connection with this case.

3. The Defendant shall serve a NINETEEN (19)-MONTH term of reimposed supervised release, during which the Defendant shall comply with supervised release conditions previously imposed upon him in this case, as well as the following: The Defendant shall--

    a. *Contact prohibition.* Refrain from any contact whatsoever with Ruth Ana Gonzalez, a convicted felon.

    b. *Expanded alcohol abstinence.* Refrain from: (1) consuming any alcohol; (2) working or residing at any place where alcohol is present; and (3) visiting any bar, tavern, nightclub, lounge, pub, pool hall, strip club, honky tonk, cantina, liquor store, or other establishment whose primary purpose is the sale or provision of alcohol.

4. Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions shall be due and payable immediately.

In view of leniencies extended to the Defendant through this Order and previously, upon the Defendant's next material violation of supervised release, the Defendant and his attorney *shall recommend* that the Court impose, and the Court assures that it will assess, statutory maximum revocation imprisonment of *twenty-four (24) months* in a jail-type facility and not a halfway house or like facility (with a recommendation against prerelease custody under 18 U.S.C. § 3624(c)); without bond, self-surrender, or credit for time spent on postrelease supervision; and consecutive to any other sentence or revocation, state or federal, already imposed upon the Defendant at the time

reimposed supervised release in this case is revoked.

SO ORDERED on August __17__, 2011.

_____
FRED BIERY
Chief United States District Judge

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____    __8/16/11__
DANIEL MORENO LOPEZ                              Date
Defendant

_____    __8-16-11__
KURT G. MAY                                              Date
Assistant Federal Public Defender
Counsel for Defendant

_____    __8/16/11__
ERIKA LUGO                                              Date
United States Probation Officer

_____    __8/16/2011__
MARY E. CARABAJAL                                Date
Supervising United States Probation Officer

_____    __August 16, 2011__
MICHAEL R. HARDY                                  Date
Assistant United States Attorney
Counsel for Plaintiff