PROB 12C
(7/93)

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

## AMENDED

## Petition for Warrant or Summons for Offender Under Supervision



Name of Offender: Daniel Moreno Lopez          Case Number: SA-07-CR-329(1)-FB

Name of Sentencing Judicial Officer:  Honorable Fred Biery, Chief United States District Judge

Date of Original Sentence: June 13, 2008

Original Offense: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

Original Sentence:   Thirty-seven (37) months imprisonment; Three (3) years supervised release; $100.00 special assessment.

Type of Supervision: Supervised Release          Date Supervision Commenced: August 17, 2011

Assistant U.S. Attorney:   Charles Jenkins          Defense Attorney:   Kurt G. May

## PREVIOUS COURT ACTION

A Petition for a Warrant was submitted to the Court and signed on March 11, 2010, for the following violations: failure to report as directed; failure to be truthful about contact with a felon, Ruth Ana Gonzalez; failure to attend treatment; and failure to obtain employment. An Agreed Order revoking supervised release and resentencing the offender was signed by the Court on August 17, 2011, to time served (an interval of 17 months, consisting of less than 14 months of state confinement from on or about March 20, 2010 until dismissal of state charges on or about May 9, 2011, plus slightly more than three months to the date of the order) with 19 months reimposed supervised release to follow.

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number          Nature of Noncompliance

1. **"The defendant shall not commit another federal, state, or local crime."**

   On April 30, 2012, this officer attempted to contact the offender in order to direct him to appear for urinalysis testing. The offender's telephone number was disconnected, therefore, his mother was contacted and she stated she would relay the message that the offender needed to report for urinalysis testing today. That same day, a person, appeared stating he was the offender Daniel Lopez and he was there for urinalysis testing. This officer has never seen the person who was reporting to be Daniel Lopez. The person was asked who he reports to and he stated he reports to this officer. This person was advised that I have never seen him before. The person then identified himself as Matthew Moreno, the offender's cousin. A picture was taken of Matthew Moreno and his identification was verified. He advised that this was the first time he attempted to take a urinalysis test for the offender. He stated the offender has gotten other persons to take his urinalysis tests previously. It is believed this is in violation of 18 U.S.C. § 1512(b)(3), Tampering with a Witness, Victim, or an Informant.

2. **"The defendant shall not commit another federal, state, or local crime."**

   On or around April 24, 2012, a police report was received from the San Antonio Police Department in regards to a domestic violence assault. The incident report detailed the following: A San Antonio police officer was dispatched to an address as a call regarding a fight was received. Upon arrival, the officer contacted the victim, who stated that her and the offender ended their relationship approximately one week prior. She further stated she came to the residence to obtain belongings for her children as she was staying at a different location because she was scared the offender would harm her. She stated as she was walking to her apartment, the offender ran from another apartment and grabbed her and threw her on the ground causing her to receive large scratches on her back as well as a large bump on her head. She stated the offender fled in a gold vehicle and as he was leaving, he took her purse with the keys to her mother's residence and all her medications.

   On April 25, 2012, the victim appeared in the U.S. Probation Office and relayed the following story in regards to the above incident: She advised she ended the relationship as she could not take the physical abuse from the offender. She was returning to her apartment to obtain some belongings for herself and her children. As she proceeded to exit her vehicle, the offender came out of a next door neighbor's home. He attempted to grab the victim but her son stepped in and attempted to stab the offender with a screwdriver. The victim fled and the offender gave chase. He tackled her to the ground, where she sustained bruises on her back, leg, stomach and head. Pictures were taken of the bruises. The bruise on the victim's head was so pronounced, this officer directed her to go to the hospital.

   Of note, when the offender was arrested on May 3, 2012, the victim's purse was found at the residence.

3.  **"The defendant shall refrain from any contact whatsoever with Ruth Ana Gonzalez, a convicted felon."**

    On August 17, 2011, the Court signed an Agreed Order Revoking Supervision and Resentencing the Defendant. A condition of the reimposed supervised release is the offender is to have no contact whatsoever with Ruth Ana Gonzalez, a convicted felon.

    On April 30, 2012, the offender's cousin Matthew Moreno, was driven to the Probation Office to take a urinalysis test for the offender. Mr. Moreno stated he did not know her but knew she was the offender's girlfriend.

    At the time of the offender's arrest on May 3, 2012, he was with Ruth Ana Gonzalez, a convicted felon.

4.  **"The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer."**

    On April 30, 2012, the offender was directed to appear for urinalysis testing. The offender directed his cousin to appear in his place for the urine testing. Later that same day, the offender's mother was contacted again and the offender was directed to appear in the probation office before the end of the day. The offender never reported to the probation office.

5.  **"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felon unless granted permission to do so by the Probation Officer."**

    At the time of the offender's arrest on May 3, 2012, he was with Ruth Ana Gonzalez, a convicted felon, who was arrested for possession of heroin.

Daniel Moreno Lopez
SA-07-CR-329(1)-FB
May 14, 2012
Page 4

**U.S. Probation Officer Recommendation:** The offender's compliance to supervision can be described as nonexistent.

As an inmate of the Bureau of Prisons, there are no known reported incidents.

As a Bureau of Prisons inmate residing in the halfway house (Crosspoint, Inc): On November 26, 2009, the offender was positive for the use of intoxicants via an alcohol breath test and for possessing intoxicants.

As a supervised releasee: The offender initially began supervised release on January 15, 2010. A warrant was issued due to the following violations: failure to report as directed; having contact with a felon; failure to appear for treatment; failure to appear for urinalysis testing; and failure to work at a lawful occupation. Because of said violations, his supervision was revoked on August 17, 2011, and he was sentenced to time served and 19 months of reimposed supervised release.

Since supervision was revoked on August 17, 2011, the offender has maintained the appearance of compliance with supervision.

In regards to employment, the offender has maintained employment with Audio Boyz Wireless. However, the offender only sporadically provided checks to confirm employment. On May 8, 2012, the offender's employer was contacted requesting the offender's employment dates. The employer stated he has not seen the offender in quite a while. He then stated he would call this officer back with the offender's actual hire date and his last date worked. As of the writing of this report, the employer has not contacted probation.

In regards to substance abuse, the offender has tested negative for any illegal substances but as alleged above, it is uncertain as to how many urine specimens the offender, himself, actually submitted. Prior to revocation, the offender was discharged unsuccessfully from treatment due to his lack of participation.

In regards to residency, the offender reports residing with his mother and her girlfriend. The residence appears stable. The offender was arrested on May 3, 2012, for the warrant which was issued by this Court on May 2, 2012.

On May 3, 2012, the inmate was assaulted by two other inmates, who were identified as Orejons. The offender has tattoos indicative of affiliation with the Orejones and the Mexican Mafia. The offender claims no affiliation.

[X] The term of supervision should be

    [X] revoked. (Maximum penalty: __2__ years imprisonment; _19 months (less any imprisonment imposed)_ years supervised release; and payment of any unsatisfied monetary sanction previously imposed)

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

Daniel Moreno Lopez
SA-07-CR-329(1)-FB
May 14, 2012
Page 5

Approved:

*/s/ M. Katherine Anthony*
Mary E. Carabajal
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext.5379

Respectfully submitted,

*/s/ Erika Lugo*
Erika Lugo
United States Probation Officer
Telephone: (210) 472-6590, Ext. 5338
Date: May 14, 2012

cc:  Charles Jenkins
     Assistant U.S. Attorney

     Suzan R. Contreras
     Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ Other   There is no need for a warrant to be issued since the offender is already in custody under this Docket Number.

*/s/ Fred Biery*
Fred Biery
Chief U.S. District Judge

May 15, 2012
        Date