UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | *  Case No. SA-07-CR-329-FB |
| DANIEL MORENO LOPEZ, | * |
| Defendant. | * |

### AGREED ORDER REVOKING REIMPOSED SUPERVISED RELEASE AND RESENTENCING THE DEFENDANT

On this day came on to be considered the May 2012 petitions to revoke the Defendant's reimposed supervised release (Docs. 50, 58), as augmented herein. The parties and probation office, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

#### A. Findings

1. *Background through first revocation.* The Court adopts as accurate representations within the August 17, 2011, "Agreed Order Revoking Supervised Release and Resentencing the Defendant" (Doc. 48), through which the Defendant received time-served revocation imprisonment,[1] reimposed supervised release with added conditions, and the assurance that his next material violation would result in statutory maximum revocation imprisonment of 24 months.

2. *Commencement, duration, conditions of reimposed supervised release.* On or about August 17, 2011, the Defendant began a 19-month term of reimposed supervised release, during which he was obliged to comply with previously imposed supervision conditions, refrain from any contact with convicted felon Ruth Ana Gonzalez, and submit to expanded alcohol abstinence.

3. *Violations of reimposed supervised release.* In April and May 2012, the Defendant

---

[1]Under the terms of the agreed order (Doc. 48, p. 3), the Defendant received credit for 17 months of revocation confinement, consisting of less than 14 months of state confinement from on or about March 20, 2010, until dismissal of state charges on or about May 9, 2011, plus slightly more than three months to the date of the agreed order.

repeatedly had contact with Ruth Ana Gonzalez. Also in April 2012, the Defendant (1) engaged in the federal felony offense of witness tampering by causing a relative of his to impersonate the Defendant at the probation office for the purpose of providing a urine specimen for drug testing,[2] (2) failed to submit his own urine for drug-testing on that date; and (3) assaulted a woman.

4. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his reimposed supervised release, the Court could assess imprisonment up to a statutory maximum of 24 months, consecutive to any other sentence already imposed upon him; (2) the parties project his nonbinding revocation policy-statement imprisonment range to be 18 to 24 months (Grade B violation as most serious, category V offender); (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) he admits committing misconduct summarized above and in the revocation petitions; and (5) the United States could prove such misconduct by a preponderance of the evidence.

5. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant–having read and understood this Order and the revocation petitions, having thoroughly discussed them with his attorney, and having agreed to the terms of this Order–voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, 18 U.S.C. § 3583(e)(3), (g)(3), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's reimposed supervised release is revoked and he is resentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

---

[2]The relative stated that the Defendant had previously used other people to take his urinalysis tests.

B. Order

In view of the foregoing, based on the Defendant's admitted violations of his reimposed supervised release, for which there is an adequate factual basis as summarized above and in the revocation petitions, the Court finds, determines, and orders that:

1. The Defendant's reimposed supervised release is revoked pursuant to 18 U.S.C. § 3583(e)(3) and (g)(3), with no further supervised release to follow in this case.

2. The Defendant is remanded to the custody of the United States Bureau of Prisons (BOP) for TWENTY (20) MONTHS of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for postrelease supervision; and consecutive to any other sentence or revocation, state or federal, already imposed upon the Defendant at the time this Order is filed.

The Court recommends that BOP extend the Defendant: (1) its substance-abuse, anger-management, and other programming; (2) *no* prerelease custody under 18 U.S.C. § 3624(c) so that the Defendant may derive maximum benefit from aforementioned BOP programming while confined and in the limited time available and by virtue of the terms of earlier agreed order (Doc. 48, p. 3); and (3) such jail-time credit as he is due for time spent in custody since his most recent supervision-violator arrest of on or about May 3, 2012 (Doc. 57).

3. Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions shall be due and payable immediately.

SO ORDERED on August __9__, 2012.

FRED BIERY
Chief United States District Judge

3

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____     8/8/12
DANIEL MORENO LOPEZ                 Date
Defendant


_____     8-8-12
JESSE G. RIVERA                     Date
Counsel for Defendant


_____     8/8/12
STEFANIE A. COLBURN                 Date
United States Probation Officer


_____     8/8/2012
MARY E. CARABAJAL                   Date
Supervising United States Probation Officer


_____     August 2, 2012
MICHAEL R. HARDY                    Date
Assistant United States Attorney
Counsel for Plaintiff